**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **RACHEL BYER,** | |
| *Plaintiff,* | |
| **v.** | **Civil No. 1:25-cv-03742-JRR** |
| **NICOLE JANTZ,** | |
| *Defendant.* | |

## <u>MEMORANDUM OPINION</u>

Pending now before the court are Defendant Nicole Jantz's Motion to Dismiss at ECF No. 12 (the "Motion to Dismiss"), as well as Plaintiff Rachel Byer's Motion for Expedited Hearing on Replevin Claim at ECF No. 13 (the "Motion for Hearing"), and Motion Requesting Court to Waive Local Rule 102.2(a) Requirement for the Complaint to List Plaintiff's Address at ECF No. 2 (the "Motion to Waive Address Requirement").  The court has reviewed all papers; no hearing is necessary.  Local Rule 105.6 (D. Md. 2025).  For the reasons that follow, by accompanying order, the Motion to Dismiss will be denied, the Motion for Hearing will be granted; and the Motion to Waive Address Requirement will be granted.

## I.   <u>BACKGROUND</u>[1]

The instant action arises from the tumultuous fall out of Byer and Jantz upon the termination of their romantic (and cohabitant) relationship in September 2025.  (ECF No. 1 ¶ 1.)  In July 2024, Byer moved in with Jantz at a home located at 8580 Briar Patch Drive in Denton, Maryland (the "Denton residence").  *Id.* ¶ 6.  Following deterioration of their relationship, the two have been embroiled in a series of legal battles.  In September and October of 2025, Jantz sought

---

[1] As discussed at greater length below, the court considers Byer's Complaint (ECF No. 1), the procedural history of this case (and others), and the parties' proffered evidence in ruling on the instant Motion to Dismiss.

a series of domestic violence protective orders against Byer in the District Court of Maryland for Caroline County, *see* Case Nos. D-036-FM-25-000055; D-036-FM-25-000059; ECF No. 12-5; Byer also sought a domestic violation protective order against Jantz in September 2025, *see* Case No. D-036-FM-25-826869.  Following entry of a temporary restraining order against Byer in September of 2025, Byer exited the Denton residence and arranged for movers to collect her belongings.  *See* Case No. D-036-FM-25-000055; ECF No. 1 ¶ 7.  According to Byer, Jantz refused to allow the movers access to the Denton residence, and instead they were required to collect Byer's belongings that were placed outside and in the detached garage.  (ECF No. 1 ¶ 8.) When the movers delivered her belongings, Byer allegedly discovered that valuable items were missing.  *Id.* ¶ 9.

Byer then filed a *pro se* complaint for replevin in the District Court of Maryland for Caroline County on September 30, 2025, seeking an order that Jantz return her personal property valued at $38,000 (with an additional $6,000 in damages) that, Byer alleges, Jantz held in the Denton residence.  *See* D-036-CV-25-008243; ECF No. 12-2.  Byer voluntarily dismissed that action on October 16, 2025.  *See* Case No. D-036-CV-25-008243.  On October 14, 2025, Byer filed an application for statement of charges regarding this same allegation, asserting therein that the total value of her personal property remaining in the Denton residence was, relevant here, less than $75,000.[2]  (ECF No. 12-3.)

At the time Byer initiated the state court replevin action, she identified her address as 171 Thomas Place in Sinking Spring, Pennsylvania.  (ECF No. 12-2.)  Notwithstanding identification of this address, law enforcement in Pennsylvania were repeatedly unable to serve Byer with the

---

[2] Notably, in Byer's Application for Statement of Charges, she does not assign values to each identified piece of property.  (ECF No. 12-3 at pp. 5–8.)  Accordingly, to the extent Jantz has based her calculation of value on her own tallying of Byer's assigned values, it does not capture the complete value.

temporary restraining order(s) in October 2025, November 2025, December 2025, and January 2026, at this identified address, or at another address law enforcement identified for her in Pennsylvania. (ECF Nos. 12-6, 12-7, 12-8, 12-9, 12-10, 12-11, 20-1.) Byer, however, attests she has returned to Pennsylvania, where she lived prior to moving to Maryland, and intends to remain there. (Byer Aff., ECF No. 14-4 ¶ 2.) She provides copies of her (redacted) Pennsylvania driver's license (ECF No. 14-1) and vehicle registration and insurance (ECF No. 14-2), all of which show Byer's address as in Pennsylvania at the time she initiated this action, as well as her paystub, showing her employer in Pennsylvania and payment of taxes in Pennsylvania (ECF No. 14-3).

On November 14, 2025, Byer, now represented by counsel, filed the instant action against Jantz in this court, asserting claims of conversion (Count I), replevin and detinue (Count II), breach of contract (Count III), and, in the alternative, unjust enrichment (Count IV). (ECF No. 1.) Byer seeks return of her personal property or damages related to same, and asserts that Jantz breached a contract (a loan agreement) with Byer. *Id.* ¶¶ 8–11, 22. Byer provides a list of the relevant personal property and claims the market value and replacement costs of that personal property exceed $75,000. *Id.* ¶ 10; ECF No 1-1. Attached to Byer's Motion for Hearing are photos and receipts of the property at issue, along with documentation of the purported market value of same. (ECF Nos. 13-2, 13-3.)

Contemporaneous with the filing of this action, Byer filed her Motion to Waive Address Requirement to permit her to proceed without identifying her new address out of fear that Jantz "will continue her efforts to torment and harass [Byer] at her new address." (ECF No. 2 ¶ 1.) Jantz did not oppose or otherwise respond to the motion; however, she elsewhere stated, "Plaintiff has restricted her purported home address in the Commonwealth of Pennsylvania as alleged to this Court, preventing Defendant from properly addressing the nature of that alleged residence . . . ."

(ECF No. 12-1 at p. 7.)  Thereafter, Jantz filed her Motion to Dismiss for lack of jurisdiction.  (ECF No. 12.)  Byer then filed the Motion for Hearing, requesting an expedited hearing on her replevin claim.  (ECF No. 13.)  Based on the connected nature of the pending Motions, Magistrate Judge Chelsea J. Crawford, then-presiding, entered an order holding Byer's motions in abeyance pending the court's ruling on Jantz's Motion to Dismiss.  (ECF No. 15.)

## II.   LEGAL STANDARD

"Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal for lack of subject matter jurisdiction."  *Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016).  "The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence."  *United States ex rel. Fadlalla v. DynCorp Int'l LLC*, 402 F. Supp. 3d 162, 176 (D. Md. 2019) (citing *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999)).  "In determining whether jurisdiction exists, 'the court may look beyond the pleadings and the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue.'"  *Id.* (quoting *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003)).

Subject matter jurisdiction challenges may proceed in two ways: "either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint [are] not true.'"  *Mayor & City Council of Baltimore v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md. 2019) (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)).  In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction."  *Kerns*, 585 F.3d at 192; *see Ministry of Defence of State of Kuwait v. Naffa*, 105 F.4th 154, 159 (4th Cir. 2024) (same).  Conversely, in a factual challenge, "the presumption of truthfulness normally accorded a complaint's allegations

does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. "In that circumstance, the court 'may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Trump*, 416 F. Supp. 3d at 479 (quoting *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004)).

Jantz mounts a factual challenge to this court's exercise of jurisdiction, arguing that—notwithstanding Byer's allegations—Byer is not a citizen of Pennsylvania and the amount in controversy is less than $75,000, which is to say, the requirements of diversity jurisdiction are not met. Accordingly, the court "may consider evidence outside the pleadings" in ruling on the instant Motion to Dismiss, without converting the proceeding to one for summary judgment.[3] *See Trump*, 416 F. Supp. 3d at 479, *supra*.

## III.    ANALYSIS

As discussed above, Jantz challenges that the elements of diversity jurisdiction are met here. Byer here invokes this court's jurisdiction pursuant to 28 U.S.C. § 1332, referred to as diversity jurisdiction.

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010). At issue here, federal district courts "shall have

---

[3] No party has requested a hearing on the instant Motion to Dismiss. While the court recognizes that Fourth Circuit caselaw contemplates that a court "may . . . go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations," *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (emphasis omitted), the court finds a hearing is not necessary here because, while the implications of the asserted evidence are in dispute, the evidence itself is not.

original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and "is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Jantz challenges both requirements of diversity jurisdiction—that the parties are diverse and that the amount in controversy exceed $75,000.

## A. The Complete Diversity Requirement

"Section 1332 requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (citing *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996)). When determining a person's citizenship for purposes of diversity jurisdiction, residency alone is insufficient. *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 195 (4th Cir. 2017) (quoting *Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008)). Instead, "[a] person is a citizen of a state only if she is a citizen of the United States and a domiciliary of that state." *Id.* (citing *Brown v. Keene*, 33 U.S. (8 Pet.) 112, 115 (1834)). Unlike a resident, a citizen "has an intention to remain in the state indefinitely." *Id.* (citing *Ecker v. Atl. Ref. Co.*, 222 F.2d 618, 621 (4th Cir. 1955)). Thus, "[w]hether a person is a domiciliary turns on the individual's intent." *Id.*

"To establish a domicile in a State, it must be shown that the individual has a physical presence in that State with 'an intent to make that State a home.'" *Reddy v. Buttar*, 38 F.4th 393, 400 (4th Cir. 2022) (citation modified) (quoting *Johnson*, 549 F.3d at 937 n.2); *see Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (noting that "domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there"). The relevant consideration is whether diversity of citizenship "existed at the time of filing." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570–71 (2004); *see*

*also Gilmore v. Jones*, 370 F. Supp. 3d 630, 646 (W.D. Va. 2019) ("In evaluating complete

diversity, the relevant unit of analysis is the party's domicile 'at the time the complaint is filed.'")

(quoting *Martinez v. Duke Energy Corp.*, 130 F. App'x 629, 634 (4th Cir. 2005)). Domicile "'is

presumed to continue until it is shown to have been changed,' with the burden of proof residing

with the person claiming the domicile has changed." *Reddy*, 38 F.4th at 400 (quoting *Mitchell v.*

*United States*, 88 U.S. 350, 353 (1874)).

"When citizenship is questioned, a court must make an individualized inquiry relying on"

certain nondispositive factors, including:

> [V]oter registration; current residence; the location of real and
> personal property; location of bank and brokerage accounts;
> membership in clubs, churches, or other associations; place of
> employment or business; driver's license and automobile
> registration; and the state to which a person pays taxes. 13 Fed. Prac.
> & Proc. Juris. § 3612 (3d ed. 2009); *see also Webb v. Nolan*, 484
> F.2d 1049, 1051 (4th Cir. 1973).

*Scott*, 865 F.3d at 195.

Jantz contends that at the time Byer initiated this action, she was domiciled in Maryland,

not Pennsylvania. (ECF No. 12-1 at pp. 6–9.) She challenges both Byer's physical presence in

Pennsylvania and her intent to remain there. *Id.* With regard to Byer's physical presence in

Pennsylvania, Jantz points to Byer's previous citizenship in Maryland, as well as Pennsylvania

law enforcement's repeated inability to serve (*i.e.*, locate) Byer in Pennsylvania.[4] (ECF No. 12-1

at p. 7; ECF No. 20 ¶ 1.) She similarly challenges Byer's intent to remain in Pennsylvania,

asserting Byer previously moved to Maryland and permanently changed her domicile to Maryland

at that time. (ECF No. 12-1 at pp. 8–9.)[5]

---

[4] Jantz also contends that "public records directories" continue to list Byer's address as the Denton residence. (ECF
No. 12-12.)

[5] Jantz has not offered any evidence in support of her assertions that Byer "made a permanent change of domicile,"
*see* ECF No. 12-1 at p. 8, during the course of their relationship. *See Wang v. City of Rockville*, No. GJH-17-2131,

Byer affirms she is domiciled in Pennsylvania. In support, Byer has produced her Pennsylvania driver's license issued November 8, 2025, *see* ECF No. 14-1; her vehicle registration and insurance policy reflecting registration and coverage in Pennsylvania, with registration effective November 13, 2025, *see* ECF No. 14-1; her paystub for the period starting November 9, 2025, reflecting the location of Byer's employer in Pennsylvania and that Byer is paying taxes in Pennsylvania, *see* ECF No. 14-3; and Byer's own affidavit attesting that she lived in Pennsylvania when she initiated this action, that she intends to reside in Pennsylvania for the foreseeable future, that she previously lived in Pennsylvania (before living briefly in Maryland), and that she has deep ties to the state, *see* Byer Aff., ECF No. 14-4 ¶ 1. Per the factors discussed above, Byer has thus offered evidence that she was physically present in Pennsylvania when she initiated this action and that she intends to remain there. *See Scott*, 865 F.3d at 195, *supra*.

While the court appreciates that law enforcement's repeated failures to effect service on Byer in Pennsylvania may raise questions as to Byer's physical presence in Pennsylvania (although perhaps equally or more so as to whether Plaintiff sought to evade service), on the whole, the court is satisfied Byer has met her burden to show her change in domicile at the time she commenced this action. Accordingly, as Byer is a citizen of Pennsylvania and Jantz is a citizen of Maryland, the requirement of complete diversity is met.

### B. Amount in Controversy Requirement

In addition to the requirement of complete diversity, 28 U.S.C. § 1332 requires that the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). "Courts generally accept the sum claimed by the plaintiff in good faith as the amount in controversy." *Ministry of Defence of*

---

2019 WL 1331400, at *3 (D. Md. Mar. 22, 2019) (recognizing that "statements by counsel in briefs are not evidence") (quoting *Cochran v. Volvo Group N.A.*, 931 F. Supp. 2d 725, 730 (M.D.N.C. 2013)). Nonetheless, the court is cognizant that Byer made statements regarding same in her state replevin action. (ECF No. 12-2 at p. 3.)

*State of Kuwait v. Naffa*, 105 F.4th 154, 159 (4th Cir. 2024) (citing *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010)). "Dismissal for failure to meet the amount in controversy is therefore appropriate only where the court determines to a legal certainty that the plaintiff cannot recover the amount it seeks or seeks an amount that the plaintiff is not entitled to for the purpose of establishing jurisdiction." *Id.* at 159–60 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). A district court "must exercise jurisdiction unless 'the legal impossibility of recovery' virtually negates the plaintiff's good faith in asserting the claim."[6] *Id.* at 160 (quoting *JTH Tax, Inc.*, 624 F.3d at 638); *see Jefferson v. AV Auto. LLC*, No. 8:24-CV-01743-PX, 2025 WL 2030221, at *1 (D. Md. July 21, 2025) (same).

The court is not persuaded that it is legally certain that Byer cannot recover in excess of $75,000 on the claims asserted. Byer brings claims sounding (primarily) in conversion, replevin and detinue, and breach of contract. While replevin and detinue claims seek return of property in which a plaintiff claims an entitlement to possession, *see Williamson v. Parker*, No. 426, Sept. Term,2020, 2021 WL 2982920, at *6–7 (Md. Ct. Spec. App. July 15, 2021), a conversion claim challenges the improper taking of property and seeks money damages, specifically the "market value of the chattel at the time and place of the conversion," *111 Scherr Lane, LLC v. Triangle Gen. Contracting, Inc.*, 233 Md. App. 214, 250 (2017) (quoting *Weishaar v. Canestrale*, 241 Md. 676, 684 (1966)). "Maryland courts have historically opined that the proper valuation for damages in a detinue action is the value of the property at the time that the detinue occurred." *Troy Brave, LLC v. Grantsville Truck & Trailer, LLC*, No. 1:22-CV-02409-JMC, 2023 WL 8090614, at *5 (D.

---

[6] This court has previously recognized that "the Supreme Court has articulated two standards that are seemingly in tension." *ARCO Nat'l Constr., LLC v. MCM Mgmt. Corp.*, No. CV ELH-20-3783, 2021 WL 4148456, at *10 (D. Md. Sept. 10, 2021). As such, the court has previously recognized that "the relevant legal standard for proving, or disproving, jurisdiction depends on the allegations in a complaint related to the amount in controversy." *Rahman v. Vylla Title, LLC*, No. CV 24-1282-BAH, 2025 WL 2776285, at *4 (D. Md. Sept. 26, 2025) (regarding *ARCO*, 2021 WL 4148456, at *11 and *Momin v. Maggiemoo's Int'l, L.L.C.*, 205 F. Supp. 2d 506, 509 (D. Md. 2002)). The parties agree on the applicable standard at issue here. *ARCO*, 2021 WL 4148456, at *11 (discussing the applicable standards).

Md. Nov. 21, 2023) (citing cases).  Additionally, under Maryland law, "[t]he amount of damages recoverable for breach of contract is that which will place the injured party in the monetary position they would have occupied if the contract had been properly performed."  *AXE Props. & Mgmt., LLC v. Merriman*, 261 Md. App. 1, 44 (2024) (citation modified) (quoting *Hall v. Lovell Regency Homes Ltd. P'ship*, 121 Md. App. 1, 12 (1998)).

The court is not persuaded that Jantz's assertion that Byer has inflated the value of the personal property at issue is sufficient to conclude "to a legal certainty" that Byer cannot recover in excess of $75,000.  *Naffa*, 105 F.4th at 159, *supra*.  While Byer's valuations may raise questions, or even seem dubious, her valuations are supported by detailed information regarding the property at issue, including market and replacement values.  Thus, the court is not persuaded that Byer cannot recover the jurisdiction minimum as a matter of legal certainty.  Further, that Byer's valuation of her personal property changed over time—including following entry of appearance by counsel—similarly is not sufficient on its own to show that Byer's recovery of the jurisdictional minimum is barred as a matter of legal certainty, especially when considering the evidence provided in support of same and that Byer alleges damages of at least $15,000 for breach of a contract.  Based on the foregoing, the court finds Byer meets the amount in controversy requirement.[7]

Based on the foregoing, the court finds that, on the record before it, the requirements of diversity jurisdiction are met.  Given that this argument is jurisdictional in nature, Jantz of course remains free to reassert challenges at any point in this litigation.

---

[7] In reaching this conclusion, the court does not consider Byer's assertion of materials damaged in the moving process. (ECF No. 1-1; ECF No. 12-1 at p. 10.)

## C. Forum Shopping

Jantz's final argument, unsupported by any legal authority, is that this court should decline to exercise jurisdiction "from strictly an equity perspective"—that Byer should be forced to continue to pursue her claims in the Maryland state courts where she initially sought relief, because filing the action here "is naught but patent forum shopping."[8] (ECF No. 12-1 at p. 12.) The court is not persuaded to dismiss the action on this argument.

That *pro se* Byer previously filed a replevin action in Maryland state court[9] before engaging counsel, dismissed that case without prejudice in its early stages, and chose to file in federal court—where the court will apply the same substantive law, *see Megaro v. McCollum*, 66 F.4th 151, 159 (4th Cir. 2023) ("A federal court sitting in diversity applies the substantive law of the state in which it sits.") (citation omitted)—does not demonstrate impermissible forum shopping warranting dismissal. Without more, the court will not decline to exercise its jurisdiction where Byer has properly invoked it. *See Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (recognizing that ""[i]n the main, federal courts are obliged to decide cases within the scope of federal jurisdiction").[10] *See also BP P.L.C. v. Mayor & City Council of Baltimore*, 593 U.S. 230, 237 (2021) ("Normally, federal jurisdiction is not optional; subject to exceptions not relevant here,

---

[8] Jantz does not contend venue is improper per 28 U.S.C. § 1391(b).

[9] Jantz focuses on Byer's "repeated[]" invocation of the Maryland state court, *see* ECF No. 12-1 at p. 12; but, a domestic violence protective order and application for statement of state charges are exclusively available in state court.

[10] While "there are certain 'extraordinary and narrow exceptions' to that general rule," *see City of Baltimore ex rel. Thompson v. DraftKings Inc.*, No. CV SAG-25-01487, 2025 WL 3151929, at *2 (D. Md. Nov. 10, 2025) (citation modified) (quoting *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 728 (1996)), Jantz has not argued those recognized exceptions exist here. To the extent Jantz suggests that this case raises "a novel issue" that may constitute such an exception, the court is not persuaded. Moreover, amid Jantz's assertion of forum shopping, she identifies no purported advantage to Byer served by same, or prejudice that Jantz experienced as a result (beyond seemingly delay from the previously-scheduled hearing having been cancelled). (ECF No. 12-1 at p. 12; ECF No. 20 at pp. 3–4.) Jantz cites a case concerning a plaintiff who filed two cases in an effort to circumvent the removal statute at 28 U.S.C. § 1441; that case is not persuasive here. *See McNeilly v. Norman*, No. 1:17CV286, 2018 WL 4677882, at *6–7 (W.D.N.C. May 8, 2018), *report and recommendation adopted,* No. 1:17-CV-00286-MR-DLH, 2018 WL 3738224 (W.D.N.C. Aug. 7, 2018).

11

'courts are obliged to decide cases within the scope of federal jurisdiction' assigned to them.'") (citation omitted); *Rand Constr. Corp. v. Aegis Mech. Corp.*, No. CV RDB-24-1467, 2025 WL 754608, at *6 (D. Md. Mar. 10, 2025) ("Where a federal court has original jurisdiction, it is required to exercise that jurisdiction.").

While the court acknowledges that the subject of this action is undoubtedly more commonly a subject of state court litigation, it is nonetheless one the Federal Rules contemplate provided jurisdiction is proper. *See, e.g.*, FED. R. CIV. P. 64 (providing that "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment" and "remedies available under this rule include," relevant here, replevin). The court discerns no cognizable basis upon which it may (or should) decline to exercise its jurisdiction here.

## IV.    MOTION FOR HEARING

Having determined the court properly exercises jurisdiction over the instant matter, the court turns next to Byer's Motion for Hearing. (ECF No. 13.)

"Modern replevin in Maryland is a pre-judgment, but post-probable cause determination, seizure." *Wallander v. Barnes*, 341 Md. 553, 572 (1996); *see* MD. RULE 12-601(a) (providing that "[a] person claiming the right to immediate possession of personal property may file an action . . . for possession before judgment"). "If probable cause is not established, so that replevin is denied, the action is no longer replevin, it is detinue." *Wallander*, 341 Md. at 572. "If probable cause is established and the writ issues, but the property cannot be seized before trial on the merits, the action is no longer replevin." *Id.* As discussed above, Rule 64 "recognizes that replevin is a 'remedy' available in federal court, as determined by the 'law of the state where the court is located.'" *Crete Carrier Corp. v. Sullivan & Sons, Inc.*, No. CV ELH-21-328, 2021 WL 2685253,

at *5 (D. Md. June 30, 2021). A plaintiff's "right to success in the action of replevin depends entirely on [her] right to possession." *Dehn Motor Sales, LLC v. Schultz*, 439 Md. 460, 486 (2014) (quoting *Shorter v. Dail*, 122 Md. 101, 104 (1913)).

While Jantz opposes the Motion for Hearing, she does not challenge that this court may conduct a hearing on Byer's replevin claim prior to judgment. Instead, Jantz asserts that 1) such a hearing is premature while Jantz's Motion to Dismiss is still pending and she has not yet answered; and 2) Jantz is not entitled to an "expedited hearing." (ECF No. 13.) With regard to the former, the argument is essentially moot because the court simultaneously addresses Jantz's jurisdictional challenge posed in her Motion to Dismiss and will order her to answer, which shall occur before any scheduled hearing. Second, while the court agrees that Byer does not cite grounds traditionally present in support of an expedited hearing, her replevin claim is entitled to a hearing while the action is pending; and Byer identifies no proposed "expedited" timeframe for such a hearing. Accordingly, the court will grant the Motion for Hearing and, in the accompanying order, schedule a hearing to be held pre-judgment. To be clear, this case shall proceed in the normal course notwithstanding such hearing.

## V.    <u>MOTION TO WAIVE ADDRESS REQUIREMENT</u>

Finally, Byer asks this court to waive the requirement that she provide her address in the filing of her Complaint per Local Rule 102.2(a). (ECF No. 2.)

Pursuant to Local Rule 102.2(a), a plaintiff's original complaint shall contain the address of all parties. Local Rule 102.2(a) (D. Md. 2025). When plaintiffs seek to be excused from this requirement, this court has analyzed that request according to the factors set forth in *James v. Jacobson*. *See Edgar v. Coats*, 454 F. Supp. 3d 502, 521 (D. Md. 2020), *aff'd sub nom. Edgar v. Haines*, 2 F.4th 298 (4th Cir. 2021); *Casa de Maryland, Inc. v. Trump*, No. GJH-18-845, 2018 WL

1947075, at *1 (D. Md. Apr. 25, 2018).  Notwithstanding the public right of access to matters in judicial proceedings, the Fourth Circuit "has recognized that in exceptional circumstances, compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial proceedings." *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014).  The court therefore considers the following nonexclusive list of factors:

> Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties; the ages of the person whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (quoting *James*, 6 F.3d at 238).

On the whole, the court finds these factors weigh in favor of waiver of the Local Rule 102.2(a) requirement.  Byer attests to a fear of harassment by Jantz were Jantz to learn her new address.  (ECF No. 2-1 ¶ 4.)  This concern is not merely an effort to "avoid the annoyance and criticism that may attend any litigation," especially where Plaintiff proceeds under her own name. *See Pub. Citizen*, 749 F.3d at 273.  Further, Jantz does not meaningfully claim prejudice in not knowing Byer's specific address.  Indeed, typically a person's address is "of minimal import to furthering the openness of judicial proceedings." *Edgar*, 454 F. Supp. 3d at 522 (quoting *Casa de Maryland, Inc.*, 2018 WL 1947075, at *2).  Moreover, any order of this court will be without prejudice to Byer's ability to seek discovery of Plaintiff's general location, to the extent such discovery is permissible under Federal Rule of Civil Procedure 26, and instead will limit only access to her street address and zip code.  Finally, while Byer may be an adult and have brought

14

an action against a private party, the court still finds the reprieve warranted, at least at the present stage.

Accordingly, the court will grant the Motion to Waive Address Requirement; Byer will be permitted to proceed without identifying her full address on her Complaint.  This order is subject to further order of court as the matter progresses.  Further, as noted above, the court's order is without prejudice to Jantz's entitlement to full-throated discovery relevant in support of her defenses, including, should she so choose, a jurisdictional challenge.  *See Edgar*, 454 F. Supp. 3d at 522 (noting it was not "apparent that the addresses are relevant to any questions before the Court"); *Casa de Maryland, Inc.*, 2018 WL 1947075, at *2 (noting "it is unclear how Individual Plaintiffs' addresses will be relevant to any questions of law or fact that the Court must resolve").

## VI.    CONCLUSION

Accordingly, for the reasons set forth herein, by separate order, Jantz's Motion to Dismiss (ECF No. 12) will be denied, and Byer's Motion for Hearing (ECF No. 13) and Motion to Waive Address Requirement (ECF No. 2) will be granted.

July 28, 2026                                              /S/

 

Julie R. Rubin
United States District Judge

15